**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **T3 MICRO, INC.,** ) | **Civil Action No. _____** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **T3 HAIR SALON & SPA, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

T3 Micro, Inc. ("Plaintiff"), by and through their undersigned counsel, Troutman Sanders LLP, for its complaint against T3 Hair Salon & Spa, Inc. ("Defendant") allege as follows:

## NATURE OF ACTION

1.      This is an action for federal trademark infringement, unfair competition and dilution for violation of the Lanham Act, §§ 1114(1), 1125(a), 1125(b) and 1125(c); and for violations of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq., and unfair competition under Illinois common law.

2.      This action arises out of Defendant's unlawful use of the T3 trademark and trade name in connection with salon and spa services provided under the name T3 HAIR SALON & SPA.

## THE PARTIES

3.      Plaintiff T3 Micro, Inc. is a California corporation with its principal place of business located at 228 Main Street, Suite 12, Venice, California, 90291. Plaintiff is a developer of hair care and styling tools, such as dryers, irons and rollers, showerheads and water filters with nationwide and international distribution.

33029302

4.      Defendant T3 Hair Salon & Spa, Inc. is an Illinois corporation with its principal place of business located at 705 South Dearborn St., Chicago, Illinois, 60605. Defendant operates a salon offering hair, nail, and related cosmetic and beauty services.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338(a), 1338(b) and 1367(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claim that they form part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is an Illinois Corporation with its principal place of business in this State.

7.      Venue properly lies in this District under 28 U.S.C. § 1391(b) as Defendant is an Illinois corporation with its principal place of business in this District and Division.

8.      The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## FACTS

### Plaintiff's Trade Mark and Trade Name

9.      Plaintiff has used the T3 name, and variants thereof, as a trade name and trademark since 2004. Plaintiff's use of the T3 mark has been exclusive or substantially exclusive in connection with hair care and hair styling tools including, without limitation, throughout and outside the United States.

10.     Plaintiff's products are market leaders in their respective industries.  Plaintiff developed the first luxury hair dryer infused with tourmaline and began marketing this product

under the T3 name and mark in February 2004. Since then, Plaintiff continued to expand its product line, developing and marketing a range of luxury hair styling products and appliances.

11.     Plaintiff has been enhancing its products with new and cutting-edge technology, updated manufacturing and design, and updating its services in support of its products to benefit its customers. These improvements are linked in the mind of consumers to the T3 marks through numerous media and promotional efforts.

12.     The public and in particular users of professional hair care and styling services have associated the T3 name and mark with the high-quality characteristics of T3 products and the outstanding services hair professionals provide using T3 products – throughout the US and internationally.

13.     Since as early as 2004, Plaintiff cultivated a pronounced social media presence to promote its product line with extensive use of its T3 marks. Plaintiff's Facebook page, "T3", currently commands the attention of 93,939 followers. Its Instagram account, "@t3micro" currently is followed by 65,700 followers, lists 1,859 posts, and the hashtag, "#t3micro", associated with Plaintiff and its products, is found in 12,044 Instagram posts. Plaintiff's Twitter handle, "@T3Micro" currently is followed by 2,781 followers, with 4,909 Tweets, and 4,375 Likes.  Attached as **Exhibit A** are screenshots of Plaintiff's various social media pages.

14.     Plaintiff registered the domain www.t3micro.com on March 9, 2005. Plaintiff has continuously owned and maintained the www.t3micro.com website since then for the purpose of advertising and selling hair styling and hair care products under the T3 trade name and mark.  Attached as **Exhibit B** is a screenshot from the www.t3micro.com website.

15.     Plaintiff's www.t3micro.com website experiences extensive traffic. In 2016 alone, Plaintiff recorded 949,697 total visitors to the www.t3micro.com website. Plaintiff

recorded 806,063 visitors originating from within the United States and 34,430 visitors originating from Illinois.

16. Plaintiff owns the following U.S. federal registrations and pending application for T3 and variants thereof (individually, the "T3 Mark," collectively, the "T3 Marks") in the United States Patent and Trademark Office ("USPTO") for:

| MARK | APP. NO./ REG. NO. | FILING DATE /REGISTRATION DATE | GOODS |
|---|---|---|---|
| T3 TOURMALINE | Reg. No. 3,058,625 | February 14, 2006 | Class 9: Electric Hair Curlers; Electric Hair Crimpers<br><br>Class 11: Hand Held Electric Dryers |
| T3 | Reg. No. 3,185,684 | December 19, 2006 | Class 9: Electric Hair Straightener<br><br>Class 11: Hand Held Electric Hair Dryer<br><br>Class 21: Hair Combs, Hair Brushes |
| T3 | Reg. No. 5,280,559 | February 6, 2017 | Class 8: Electric Hair Straighteners; Electric Hand-Held Hair Styling Irons<br>Class 11: Electric Hair Dryers; Hair Dryer Diffusers; Shower Heads; Water Filters<br>Class 21: Electrically-Heated Hair Brushes; Hair Brushes; Hair Combs<br>Class 26: Electric Hair Rollers |
|  | Reg. No. 5,280,560 | February 6, 2017 | Class 8: Electric Hair Straighteners; Electric Hand-Held Hair Styling Irons<br>Class 11: Electric Hair Dryers; Hair Dryer Diffusers; Shower Heads; Water Filters |

|  |  |  | Class 21: Electrically-Heated Hair Brushes; Hair Brushes; Hair Combs<br>Class 26: Electric Hair Rollers |
| T3 SOURCE | App. No. 87438737 | May 5, 2017 | Class 11: Showerheads and Components Thereof; Water Filters |

17.    True and correct pages from the official website of the USPTO showing the current ownership and status of the registrations for the T3 Marks are attached to this Complaint as **Exhibit C**.

18.    As a result of this substantially exclusive use and Plaintiff's promotion of goods marketed and sold under the T3 Marks, the T3 trade name acquired strong commercial distinctiveness and goodwill and came to symbolize the superior quality of products offered and provided by Plaintiff.

19.    Within the hair products, hair care and beauty industries, the T3 Marks have become *famous* as that term is defined for assessing potential dilution claims.

**Defendant's Infringement and Misappropriation**
**of the T3 Trademark and Trade Name**

20.    On or about May 9, 2016, Defendant began operating under the name T3 HAIR SALON & SPA.  Defendant selected the T3 Mark for its business based on its understanding of the fame and reputation of excellence that the T3 Mark has gained in the hair products and beauty industries.

21.    Defendant has used and/or is using the domain name and website www.t3salonandspa.com and the designation T3 HAIR SALON & SPA to advertise and promote its services.  *See* printouts from the website located at www.t3salonandspa.com found through a Google search attached as **Exhibit D**.

22.     Defendant has no connection or affiliation with Plaintiff and his use of Plaintiff's name and mark in connection with its business and the domain name www.t3salonandspa.com and the www.t3salonandspa.com website is not authorized by Plaintiff.

23.     Defendant has used and continues to use the T3 HAIR SALON & SPA name to promote his services with full knowledge of Plaintiff's T3 Marks.

24.     Defendant's incorporation and operation under the T3 HAIR SALON & SPA designation began years after Plaintiffs first use and registration of the T3 Marks and trade name. This use includes various flyers, signage, cards, mailings, and/or digital distribution on social media (Facebook, Twitter, Yelp, YellowPages). Samples of this use are collected and attached as **Exhibit E**.

25.     On June 12, 2017, Plaintiff's counsel wrote to Defendant notifying it of its violations of Plaintiff's T3 Marks and trade name and demanding that Defendant cease and desist any and all uses of the T3 Marks and trade name. Attached as **Exhibit F** is a copy of Plaintiff's demand letter.

26.     After receipt of Plaintiff's demand letter, Defendant denied infringement and continued his illegal conduct. *See* **Exhibit G** (copy of correspondence from Defendant to Plaintiff).

27.     On August 18, 2017, Plaintiff's counsel wrote to Defendant rebutting the basis for Defendant's denial of infringement and again demanded that Defendant cease and desist use of the T3 Mark and/or confusingly similar marks in connection with salon and spa services. *See* **Exhibit H** (copy of correspondence from Plaintiff to Defendant).

28.     Defendant attempted to register the mark "T3" by filing an application with the USPTO on May 17, 2017.  *See* **Exhibit I** (Defendant's Trademark Application No. 87453532). Defendant's application identified the intended use as "Class 044," which is for "Beauty salon services; Hair salon services; Cosmetic body care services; Cosmetic eyebrow care services; Cosmetic eyebrow care services; Cosmetic face care services; Cosmetic hair removal by means of waxing and threading; Cosmetic services, namely, non-permanent hair removal; Nail care salons; Skin care salons."  In an office action sent August 16, 2017, the USPTO rejected Defendant's application.  *See* **Exhibit J** (Office Action).

29.     The USPTO cited as the bases for rejection, the confusing similarity between Defendant's mark and Plaintiff's mark, as registered under Reg. No. 3185384; and the likelihood of confusion between these marks. The USPTO examiner acknowledged the differences between Plaintiff's and Defendant's products and services, but concluded that "[Defendant]'s services are related to [Plaintiff]'s goods because the goods and services of the respective parties are of a type that are commonly provided by a single source under the same mark. *See* attached evidence…showing that providers of cosmetic body services and hair and beauty salon services also commonly provide electric hair straighteners, hand held electric hair dryers, and hair combs and brushes under the same mark. Therefore, consumers familiar with [Plaintiff]'s goods will also expect applicant's services to be provided by [Defendant]."

30.     Defendant is using and has been using the T3 Marks and trade name with actual knowledge of Plaintiff's rights thereon.  Such use is without any basis in law, constitutes bad faith, and continued and willful infringement.

31.     Defendant's unauthorized use of the T3 Marks and trade name has caused or is likely to cause confusion, mistake, and deception in the minds of consumers and prospective

customers as to the origin of Defendant's services or as to the affiliation, connection or association of Defendant with Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1))

32.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

33.     Defendant has used and is using, without authorization, the T3 Mark and trade name and/or a colorable imitation thereof in a manner that is likely to cause (or has already caused) confusion or mistake, or to deceive as to Defendant's affiliation, connection or association with Plaintiffs, of which there is none.

34.     Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

35.     Defendant's conduct is causing damage to Plaintiff, their goodwill, and reputation, and will continue to damage Plaintiff and is likely to confuse the public unless such conduct is enjoined by this Court.  Consumers are likely to believe that Defendant and/or his services are sponsored by, associated with, or affiliated with Plaintiff, and are likely to be deceived and misled (or, in fact, have been deceived and misled), thereby resulting in a loss of the goodwill in Plaintiff's T3 Marks and trade name, and creating confusion (or a likelihood of confusion), thus irreparably injuring Plaintiff.

36.     Unless Defendant is enjoined from engaging in his wrongful conduct, Plaintiff will suffer irreparable injury and harm, for which they have no adequate remedy at law.

## COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING AND DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

37.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth herein.

38.     Defendant's actions constitute a false designation of origin, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff.

39.     Defendant's services are offered over the internet and, upon information and belief, affect interstate commerce.

40.     Defendant's acts are in violation of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III
### FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(c)(1))

41.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth herein.

42.     The T3 Marks are highly distinctive and have become famous and are uniquely associated with Plaintiff.

43.     Defendant's above-described actions occurred long after the T3 Marks acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute, unless restrained, the distinctive quality of the famous T3 Marks by destroying the exclusive association between those marks and Plaintiff's goods, and/or otherwise lessening the capacity of those marks to identify Plaintiff and their goods exclusively.

44.     Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

45.     Defendant's aforesaid actions are intentional and in violation of Section 32(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and are likely to cause Plaintiff irreparable damage unless restrained.  Plaintiff has no adequate remedy at law.

**COUNT IV**
**VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**
**(15 U.S.C. §1125(d))**

46.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth herein.

47.     Defendant's registration of the www.t3salonandspa.com domain name and maintenance of the www.t3salonandspa.com website violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  Upon information and belief, Defendant owns, registered, operates, traffics in, and/or otherwise uses the domain name www.t3salonandspa.com.  The domain name www.t3salonandspa.com incorporates the T3 Marks and trade name.

48.     The T3 Marks and trade name are distinctive and were so at the time Defendant registered the www.t3salonandspa.com domain name.

49.     The www.t3salonandspa.com domain name incorporates the T3 Marks and trade name in its entirety and is, therefore, confusingly similar thereto.

50.     In continuing to maintain the www.t3salonandspa.com domain name, Defendant possessed a bad faith intent to profit from the T3 Marks and trade name without regard for the products offered by Plaintiff and without regard for the goodwill and reputation Plaintiff has generated through its longstanding, substantially exclusive use of the T3 Marks and trade name.

51.     Defendant's conduct is causing and is likely to cause damage to Plaintiff, its goodwill, and reputation, and will continue to damage Plaintiff and to confuse the public unless such conduct is enjoined by this Court.

52.     Unless Defendant is enjoined from engaging in his wrongful conduct, Plaintiff will suffer irreparable injury and harm, for which they have no adequate remedy at law.

## COUNT V
## DECEPTIVE TRADE PRACTICES PURSUANT TO 815 ILCS §§ 510/1, et seq.

53.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54.     Plaintiff is the legal owners of the T3 Marks and trade name, which are valid and legally entitled to protection.

55.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of the T3 Marks and trade name is likely to cause confusion, mistake, or deception regarding the origin of the services offered by Defendant or their sponsorship, connection or affiliation, and constitutes trademark infringement.

56.     Defendant has used and is using a copy, variation, reproduction, simulation or colorable imitation of the T3 Marks and trade name with full knowledge of the long, extensive and substantially exclusive prior use of the name and marks by Plaintiff.

57.     Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq., by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or associations of Defendant or its products with Plaintiff's products; and using deceptive representations or designations of origin in connection with Defendant's products.

33029302

58.     Defendant's conduct is causing damage to Plaintiff, its goodwill, and reputation, and will continue to damage Plaintiff and is likely to confuse the public unless such conduct is enjoined by this Court.

59.     Unless Defendant is enjoined from engaging in his wrongful conduct, Plaintiff will suffer irreparable injury and harm, for which they have no adequate remedy at law.

<u>COUNT VI</u>
**UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW**

60.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

61.     Plaintiff is the legal owners of the T3 Marks and trade name which are valid and legally entitled to protection.

62.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of the T3 trade name and the mark is likely to cause confusion, mistake, or deception regarding the origin of the services offered by Defendant or their sponsorship, connection or affiliation, and constitutes trademark infringement.

63.     Defendant has used and is using a copy, variation, reproduction, simulation or colorable imitation of the T3 Marks and trade name with full knowledge of the long, extensive and substantially exclusive prior use of the name and mark by Plaintiff.

64.     Defendant's use of Plaintiff's T3 Marks and trade name is unauthorized and Defendant's acts constitute unfair competition.

65.     Defendant's conduct is willful, deliberate, intentional, and in bad faith.

66.     Defendant's conduct is causing damage to Plaintiff, its goodwill, and reputation, and will continue to damage Plaintiff and is likely to confuse the public unless such conduct is enjoined by this Court.

67.     Unless Defendant is enjoined from engaging in his wrongful conduct, Plaintiff will suffer irreparable injury and harm, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

A.      Grant Preliminary and Permanent Injunctions against Defendant, enjoining and restraining Defendant and all other persons acting by, through and/or in active concert with him, from directly or indirectly using T3 or any other mark, word, or name confusingly similar to T3, alone or in combination with any other letters, words, letter strings, phrases or designs, as a trade name in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text or metatags, or as Google® AdWords search key terms);

B.      Grant Preliminary and Permanent Injunctions pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants, employees, heirs, successors and assigns, and all other persons acting by, through and/or in active concert with him, from engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation;

C.      Order that Defendant transfer the domain name www.t3salonandspa.com to Plaintiff;

D.      Order pursuant to 15 U.S.C. § 1118 that all advertisements or colorable imitations in the possession of Defendant and his agents, servants, employees, heirs, successors and assigns, and all other persons acting by, through, or in active concert with him, bearing T3 as a trademark shall be delivered up and destroyed;

E.      Award damages to Plaintiff, as the Court deems just in the circumstances, caused by reason of Defendant's acts of unfair competition, and breach of contract complained of herein

33029302

- 13 -

and that said damages be trebled pursuant to 15 U.S.C. § 1117(a) as a result of Defendant's willful violations of 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(d);

F.     Award punitive and exemplary damages against Defendant by reason of Defendant's intentional and willful conduct and in favor of Plaintiff;

G.     Award costs of this action, together with attorneys' fees, to Plaintiff pursuant to 15 U.S.C. § 1117(a);

H.     Award Plaintiff interest, including pre-judgment interest, on the foregoing sums;

I.     Order Defendant to file with the Court and serve on Plaintiff within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the order or injunction; and

J.     Providing for such other and further relief as the Court deems just in the circumstances.

Dated: November 6, 2017            TROUTMAN SANDERS LLP

s/ Robert E. Browne, Jr.
Robert E. Browne. Jr. (No. 6255678)
TROUTMAN SANDERS LLP
One North Upper Wacker Dr.
Suite 2905
Chicago, IL 60606
robert.browne@troutman.com

*Attorney for Plaintiff T3 Micro, Inc.*