# EXHIBIT G



Ken Hurst
311 South Wacker Drive
Suite 2470
ILLINOIS
60606
U.S.A.

TELEPHONE: 312.922.6262
FAX: 312.922.7747
WEBSITE: rothfioretti.com
EMAIL: Ken@rothfioretti.com

**June 28, 2017**

**VIA POST**

Troutman Sanders LLP
Attn: Karl M. Zielaznicki
875 Third Avenue
New York, NY 10022
Karl.zielaznicki@troutmansanders.com

**Re: Alleged Infringement of T3 Marks**

Dear Mr. Zielaznicki,

Our firm represents T3 Hair Salon & Spa Inc. (hereinafter, "T3 Hair Salon"). This letter is in response to your June 22, 2017, letter sent of behalf of T3 Micro, Inc. (hereinafter, "T3 Micro").

Denial of T3 Micro's Claims

T3 Hair Salon **denies** each and every allegation set forth in your June 22, 2017 letter, including:

1. T3 Micro's belief that T3 Hair Salon's use of the servicemark T3 is a clear infringement and dilution of T3 Micro's prior existing trademark rights in its trademark T3.

2. Any usage by T3 Hair Salon of the T3 name is likely to cause confusion/dilution which is extremely damaging to T3 Micro' and the public.

3. Consumers and members of the trade will be deceived in beliving that T3 Hair Salon's salon and spa services originate from T3 and/or that T3 Hair Salon's products/services are back, endorsed or sponsored by T3 Micro.

4. Such confusion is likely to reflect adversely upon T3 Micro and seriously injure the reputation and goodwill of T3 Micro's trademark T3.

Affirmative Statements of T3 Hair Salon

The following factors demonstrate T3 Hair Salon's use of the servicemark T3 does not infringe or dilute T3 Micro's trademark T3.

T3 Micro is in the business of offering a variety of goods such as dryers, irons and rollers, showerheads and water filters. T3 Hair Salon, however, is in the service industry of providing beauty salon services, hair salon services, cosmetic body care services, cosmetic eyebrow services, cosmetic face care services, cosmetic hair removal services, nail care salon services, and skin care salon services. As our mark T3 is used in connection with such salon and spa services, rather than goods connected to T3, consumers will not be confused as to the source of the goods and services in connection with either of our marks. As it is unlikely T3 Hair Salon will offer goods in T3 Miro's line of business, or vice versa, consumers will easily be able to identify from which source T3 Hair Salon services and T3 Micro's goods are coming from.

Your client, T3 Micro, operates its business primarily online and at retailers, such as Ulta and Sephora. T3 Micro's primary clientele are therefore located online and retailers. T3 Hair Salon, however, primarily operates within its salon and spa with conspicuous T3 signs at its storefront. T3 Micro does not advertise or do business within T3 Hair Salon's salon and spa. Therefore, the channels of trade are so distinct as consumers will not be confused as to the source of the goods and services in connection with either of our marks.

As you are aware, the basis for a trademark infringement claim is consumer confusion. In your June 22, 2017, letter you did not provide any examples of actual confusion resulting from our concurrent use of the servicemark T3 and trademark T3. We demand that you provide examples of actual confusion relating from the use of the servicemark T3.

Consumers further understand the distinction between a service and a good. Especially in the case that T3 Hair Salon does not offer and goods labeled as T3. As a result consumers will not be confused by the concurrent use of the T3 servicemark and the T3 trademark. This factor weighs in T3 Hair Salon's favor.

T3 trademark is only eligible for minimal, if any protection as shown by the number of marks similar to T3 trademark. A search on the USPTO revealed that the term "T3" is used in 256 other marks. See Exhibit 1. This demonstrates the weakness of your clients T3 trademark and this factor favors T3 Hair Salon's right to use the T3 servicemark.

T3 Hair Salon vehemently denies that we made any attempt to misappropriate T3 Micro's good will or to cause consumer confusion.

If T3 Micro decides to take any litigious action (e.g., filing of any federal lawsuit, communication with the USPTO), T3 Hair Salon demands that T3 Micro include a copy, in its

2

entirety, this letter and exhibit. In addition, T3 Hair Salon further demands that if T3 Micro takes any litigious steps that T3 Micro provide proper service or a copy of such correspondence.

For these reasons and other, T3 Hair Salon has its own distinctive servicemark that does not dilute or otherwise infringe upon T3 Micro's trademark. This letter and the positions stated herin are made without prejudice to any of T3 Hair Salon's rights, claims, defenses or legal positions, all of which are hereby reserved.

Please contact me if you wish to discuss this matter.


Very truly yours,


/s/ Ken Hurst_____
      Ken Hurst


Enclosures